```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE  NO.   08-23364-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE

JOSE GONZALEZ,                :

      Plaintiff,              :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
WAYNE PEART, et al.,          :

      Defendants.             :
_____
```

## I. Introduction

The plaintiff, Jose Gonzalez, currently incarcerated at the FCI-Miami, filed a <u>pro se</u> civil rights complaint for damages and other relief, pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)("<u>Bivens</u>").[1]  [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 6].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

---

[1]  The plaintiff styles this civil action as arising under <u>Bivens</u>, although all defendants are state, not federal actors. <u>Bivens</u> provides a mechanism to raise constitutional claims against federal actors.  Although not clear, the plaintiff appears to claim that the defendants were acting as federal agents on a joint task force.  Whether this case is brought pursuant to <u>Bivens</u> or pursuant to 42 U.S.C. §1983 has no legal import.  "The effect of <u>Bivens</u> was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." <u>Dean v. Gladney</u>, 621 F.2d 1331, 1336 (5 Cir. 1980), <u>cert. denied</u> <u>sub nom.</u> <u>Dean v. County of Brazoria</u>, 450 U.S. 983 (1981).

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)   is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims

2

rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that four Miami-Dade police officers conspired to entrap him or induce him to commit crimes. He alleges that the officers engaged in an unlawful conspiracy to violate his civil rights in violation of 42 U.S.C. §1985, and violated his First, Fourth, Fifth and Fourteenth Amendment rights. The gravamen of the complaint is that the officers conspired to "manufacture acts" to induce him to possess cocaine with the intent to distribute in a "Blue House" reverse sting operation.

The plaintiff was convicted in this Court on January 14, 2008 of narcotics and firearm offenses and sentenced to 240 months in prison. See United States v. Gonzalez, Case No. 07-20584-CR-UNGARO. A direct appeal is pending in the Eleventh Circuit.

## Conspiracy Claim

The plaintiff alleges that the defendants conspired to violate his rights, thereby giving rise to a cause of action under 42 U.S.C. §1985. This statute has three subparts: (1) Preventing officer from performing duties; (2) Obstructing justice; intimidating party, witness, or juror; and (3) Depriving persons of rights or privileges. The Court presumes that the plaintiff's claims are made pursuant to 42 U.S.C. §1985(3). The Supreme Court has identified the elements of a §1985(3) claim as "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection

4

of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983).  Furthermore, in order to maintain a claim under §1985(3), a plaintiff must show that the defendants were motivated by racial or class-based "invidiously discriminatory animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Burrell v. Board of Trustees of Ga. Mil. C., 970 F.2d 785, 793-94 (11 Cir. 1992) (stating elements of a claim and noting that the intent requirement of §1985(3) "erects a significant hurdle for . . . plaintiffs").  In this case, the plaintiff has not come forward with any evidence or argument that he is a member of a protected class or that the defendants' acts were motivated by racial or class-based "invidiously discriminatory animus." The plaintiff, therefore, has failed to state a claim for relief based on 42 U.S.C. §1985(3).

## Constitutional Claims

The plaintiff's claim for damages or other relief based on alleged entrapment or other constitutional violations by the defendant police officers, such as malicious prosecution, are not cognizable in this civil rights action.  If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  As stated above, the plaintiff is presently pursuing a direct appeal of his conviction and sentence.  Because the plaintiff's detention has not

been remedied by any of the procedures listed in Heck, his claim is premature and not cognizable at this time.

### III. Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 15th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Jose Gonzalez, Pro Se
      Reg. No. 78836-004
      Federal Correctional Institution-Miami
      P. O. Box 779800
      Miami, FL 33177